# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL HEWITT,<br>        Plaintiff,<br><br>v.<br><br>BS TRANSPORTATION OF ILLINOIS, LLC,<br>SUNOCO, INC.,<br>SUNOCO (R&M), LLC<br>MARK FREDERICK, and<br>BRUCE SCHUNKE,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-712 |

DuBois, J.     January 10, 2019

## **M E M O R A N D U M**

## I.     INTRODUCTION

Plaintiff, Carl Hewitt, former employee of defendant BS Transportation, alleges that he was subject to discriminatory harassment by defendant Sunoco's employee, Anthony Perillo. Specifically, plaintiff avers that Perillo harassed him when plaintiff loaded fuel from Sunoco premises in the course of his employment transporting fuel for BS Transportation. In the Second Amended Complaint,[1] plaintiff asserts claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* ("PHRA") against BS Transportation of Illinois, LLC ("BS Transportation") and Sunoco Inc. and Sunoco (R&M) LLC (collectively, "Sunoco"). Plaintiff also asserts claims of aiding and abetting under § 955(e) of the PHRA against defendants BS Transportation, Sunoco, Sunoco employee Mark Frederick, and BS Transportation owner Bruce Schunke.

---

[1] Plaintiff's Second Amended Complaint is titled "Amended Complaint." In the interest of clarity, the Court refers to this complaint as the Second Amended Complaint.

This case is unusual in that plaintiff seeks to hold his employer liable for discrimination by a nonemployee. The Third Circuit has not addressed this question. Accordingly, for guidance, this Court looks to other courts that have held an employer may be liable "where the employer . . . knows or should have known of the conduct and fails to take immediate and appropriate corrective action." *Johnson-Harris v. AmQuip Cranes Rental, LLC*, No. 14-767, 2015 WL 4113542, at *8 (E.D. Pa. July 8, 2015).

Presently before the Court are two motions. The first is Defendants Sunoco, Inc., Sunoco (R&M), LLC, and Mark Frederick's Motion To Dismiss the Second Amended Complaint. The second is Motion To Dismiss Plaintiff's Second Amended Complaint of Defendant BS Transportation of Illinois, LLC and Bruce Schunke.[2] For the reasons that follow, (1) defendants Sunoco and Frederick's motion is granted and (2) defendants BS Transportation and Schunke's motion is granted in part and denied in part.

## II.   BACKGROUND

The facts alleged in plaintiff's Second Amended Complaint are as follows:

Plaintiff worked as a freight driver for BS Transportation from the winter of 1997 or 1998 to April 2009. Sec. Am. Compl. ¶ 21. In May 2009, plaintiff was rehired by BS Transportation and "specifically hauled NASCAR fuel exclusively in conjunction with a contract between Defendant BS and Defendant Sunoco." *Id*. at ¶ 24. Plaintiff's job responsibilities included loading oil at Sunoco's refinery located in Marcus Hook, Pennsylvania, on a weekly basis. *Id*. at ¶ 30.

---

[2] Plaintiff failed to serve the Summons and Second Amended Complaint on Perillo within 90 days of the filing of the Second Amended Complaint. Accordingly, by Order dated December 20, 2018, the Court directed plaintiff to show cause for his failure to do so on or before January 7, 2019. On January 2, 2019, plaintiff filed a Request For Dismissal Without Prejudice of Individual Defendant Anthony Perillo, and Perillo was dismissed as a party on that date.

Beginning in early 2014, Sunoco employee Anthony Perillo "began to make sexual advances toward Plaintiff when he traveled to the [Sunoco] blend plant to fill up with fuel." *Id*. at ¶ 32. Perillo's conduct began with sexual comments and hand gestures towards plaintiff "at least once or twice a week" when plaintiff would load fuel at the Sunoco plant. *Id*. at ¶¶ 33–35. Sunoco employees, including Mark Frederick, Perillo's supervisor, were aware of Perillo's behavior "but did nothing to stop it." *Id*. at ¶¶ 38, 40.

Plaintiff "begged . . . Perillo to stop the remarks," but Perillo responded with more aggressive behavior. *Id*. at ¶¶ 41–42. Examples of this "brazen and physical" behavior include Perillo's "brush[ing] past Plaintiff so as to make body contact" and "parading around in his under garments [sic]." *Id*. at ¶¶ 44–46. On or about August 10, 2016, Perillo "grabbed Plaintiff by the buttocks with one hand[] and shoved Plaintiff into the trailer of [plaintiff's] freight car with his other hand" and "leaned into Plaintiff as he held him and asked 'Do you like that.'" *Id*. at ¶¶ 47, 49.

On or about the same day, August 10, 2016, plaintiff reported to Frederick that Perillo had been sexually harassing him and had just sexually assaulted him. *Id*. at ¶¶ 53–54. Frederick told plaintiff that he would "make a report" and "take care of it." *Id*. at ¶ 55.

Later that day, Bruce Schunke, plaintiff's supervisor and owner of BS Transportation, contacted plaintiff and informed him that he had talked to Frederick and would "handle the matter with Perillo" and "asked Plaintiff not to say anymore [sic] about it." *Id*. at ¶¶ 56–58. However, Schunke and Frederick[3] failed to investigate plaintiff's complaints, and Perillo remained employed at Sunoco. *Id*. at ¶¶ 60–61.

---

[3] Plaintiff does not specify which defendants failed to investigate plaintiff's complaints. The Court construes "defendants" to refer to both Schunke and Frederick. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 238 n. 5 (3d Cir. 2008) (concluding allegation sufficient where plaintiff substituted the generic term "defendants" for the names of particular defendants).

After plaintiff's August 10, 2016 report, Perillo stopped his harassment until around the end of September 2016, when he "began making sexual hand gestures toward Plaintiff once again."[4]  *Id*. at ¶ 63.  Frederick "continued to be present when the comments and gestures continued and again did nothing to investigate."  *Id*. at ¶ 68.  Perillo also asked plaintiff why he had reported him, and "threatened to bring his gun into the blend plant and kill everyone there."  *Id*. at ¶¶ 64–65.

Plaintiff reported to Schunke that Perillo had resumed "making inappropriate sexual comments and gestures," but Schunke did not notify Sunoco of plaintiff's complaints.  *Id*. at ¶¶ 66–67.  Shortly after plaintiff's complaint of renewed harassment by Perillo, plaintiff was "constructively terminated."[5]  *Id*. at ¶ 70.  As a result of the harassment, plaintiff alleges that he suffered pecuniary harm and severe emotional and physical distress.  *Id*. at ¶ 73.

Plaintiff filed his initial Complaint on February 20, 2018.  After motions to dismiss were filed by defendants BS Transportation and Bruce Schunke on June 21, 2018, and by defendants Sunoco and Mark Frederick on June 25, 2018, plaintiff filed an Amended Complaint on July 12, 2018.  Those defendants again filed motions to dismiss, and plaintiff thereafter filed a Second Amended Complaint on August 3, 2018.

Plaintiff's claims in the Second Amended Complaint are imprecisely plead.  The Court concludes that, notwithstanding numerous pleading errors, plaintiff has attempted to assert the following claims: (1) Count I alleging sex discrimination and retaliation[6] under Title VII;

---

[4] Plaintiff does not specifically allege that Perillo ceased his harassment, but avers that "around the end of September, . . . Perillo began making sexual hand gestures toward Plaintiff <u>once again</u>," implying that such behavior ceased for some period of time.  *Sec. Am. Compl.* at ¶ 63 (emphasis added).
[5] Plaintiff does not provide the date on which his employment with BS Transportation ended.
[6] Count I "repeats and realleges" the assertions in the preceding paragraphs of the Second Amended Complaint, which include the allegation that "defendants have exhibited a pattern and practice of not only discrimination but also retaliation."  Sec. Am. Compl. at ¶¶ 74, 76.  For the reasons explained *infra*, the Court concludes that plaintiff has failed to exhaust his administrative remedies with respect to his retaliation claim, and it is dismissed without prejudice.

(2) Count II alleging discrimination on the basis of race, color and national origin under Title VII; (3) Count III alleging sex discrimination under the PHRA;[7] (4) Count IV alleging retaliation under the PHRA; and (5) Count V alleging aiding and abetting under the PHRA. The claims in Counts I–IV are asserted against Sunoco and BS Transportation; the claims in Count V are asserted against all defendants.

Defendants BS Transportation and Bruce Schunke filed a motion to dismiss the Second Amended Complaint on August 31, 2018 (Document No. 24). Defendants Sunoco and Mark Frederick filed a motion to dismiss the Second Amended Complaint on September 6, 2018 (Document No. 25). Plaintiff responded to both motions to dismiss on September 20, 2018 (Document Nos. 27–28). Sunoco and Frederick filed a Reply on October 4, 2018 (Document No. 32). Both motions are now ripe for decision.

### III. LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked

---

[7] In Count III, plaintiff claims discrimination on the basis of medical disability under the PHRA. In his Response to Sunoco's Motion To Dismiss Plaintiff's Second Amended Complaint, plaintiff acknowledges that "[t]he medical disability is a typographical error," and that plaintiff intended to claim "sex gender discrimination [sic] and all other causes of action arising from such discrimination under state law." Resp. Sunoco Mot. at 3. Notwithstanding plaintiff's repeated error in <u>three</u> successive complaints, the Court concludes that by incorporating § 955(a) of the PHRA in paragraphs 60 and 62 of the Second Amended Complaint, plaintiff has stated a claim for sex discrimination under the PHRA in Count III.

5

assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. DISCUSSION

BS Transportation, Schunke, Sunoco and Frederick all argue that the Second Amended Complaint fails to allege any claims upon which relief can be granted and seek dismissal under Rule 12(b)(6). The Court addresses each argument below.

### A. Count I: Title VII Claims of Sex Discrimination and Retaliation

#### 1. *Sunoco*

Sunoco contends that plaintiff's Count I claims of sex discrimination and retaliation under Title VII should be dismissed against it because plaintiff fails to allege an employment relationship with Sunoco. The Court agrees.

A plaintiff must prove the existence of an employment relationship to find a defendant liable for discriminatory conduct under Title VII. *Kumar v. Temple Univ. Cancer Ctr.*, No. 95-7832, 1997 U.S. Dist. LEXIS 13576, at *17 (E.D. Pa. Aug. 29, 1997) ("Because the protection of Title VII extends only to those who are 'employees' and does not extend to 'independent contractors,' it is the plaintiff's burden to prove the existence of an employment relationship.").

Plaintiff has failed to allege that Sunoco is his joint employer in the Complaint or Amended Complaints. He avers that Sunoco was a joint employer for the first time in his

Response to the present motion to dismiss. Plaintiff cannot raise such factual allegations in his response without first having included them in the Second Amended Complaint. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 468 (D.N.J. 1995) ("In considering a 12(b)(6) motion, . . . a court cannot consider facts raised for the first time in counsel's legal memorandum.")

In any event, plaintiff's factual allegations do not adequately plead that Sunoco and BS Transportation were plaintiff's joint employers. The Third Circuit has noted that independent entities will be considered joint employers where "both employers exert significant control over the same employees with evidence demonstrating that they share or co-determine those matters governing essential terms and conditions of employment." *Abdallah v. Allegheny Valley Sch.*, No. 10-5054, 2011 WL 344079, at *3 (E.D. Pa. Feb. 1, 2011) (citing *Nat'l Labor Relations Bd. v. Browning–Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1124 (3d Cir. 1982)). "When determining whether an entity exercises significant control with another employer, district courts in the Third Circuit have assessed the following factors: (1) the entity's authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) its day-to-day supervision of employees, including employee discipline; and (3) its control of employee records, including payroll, insurance, taxes and the like." *Plaso v. IJKG, LLC*, 553 F. App'x 199, 204–05 (3d Cir. 2014).

Plaintiff concedes that BS Transportation paid plaintiff's salary and hired plaintiff. Sec. Am. Compl. ¶ 24; Pl. Resp. Sunoco & Frederick's Mot. to Dismiss Am. Compl. ("Pl. Resp. Sunoco & Frederick"). Plaintiff's theory of a joint employment relationship with Sunoco is based on the unpersuasive arguments that (1) plaintiff was "likely [paid by] the payments made to BS Transportation by defendant Sunoco;"[8] (2) if Sunoco had complained to BS Transportation

---
[8] Plaintiff does not include any such allegations in the Second Amended Complaint.

7

that plaintiff inadequately performed his duties, plaintiff *might* have been fired;[9] (3) plaintiff would load oil at Sunoco's refinery on a weekly basis; (4) Sunoco would instruct plaintiff as to where he would deliver the fuel from Sunoco's refinery; (5) Sunoco's employee Frederick communicated plaintiff's complaint of harassment to his supervisor, Schunke. Pl. Resp. Sunoco & Frederick 19–20.

Taking plaintiff's well-plead allegations as true, the Court determines that plaintiff has not plausibly alleged that Sunoco exercised significant control over him or that Sunoco and plaintiff's employer, BS Transportation, "share or co-determine those matters governing essential terms and conditions of [his] employment." Thus, plaintiff has failed to adequately plead a joint employment relationship, which is necessary in order to avoid dismissal of plaintiff's claims against Sunoco for sex discrimination and retaliation under Title VII.

2. *BS Transportation*

BS Transportation contends that plaintiff's claims of discrimination and retaliation under Title VII should be dismissed against it because (1) plaintiff has not alleged that BS Transportation is an employer with at least fifteen employees; (2) plaintiff failed to exhaust administrative remedies for his retaliation claim; and (3) plaintiff has failed to allege facts to support his Title VII claims. The Court agrees that plaintiff failed to exhaust his administrative remedies for his retaliation claim but concludes that plaintiff has adequately plead sex discrimination under Title VII.

a) *Definition of Employer under Title VII*

BS Transportation contends that plaintiff's Title VII claims should be dismissed because plaintiff fails to plead that BS Transportation met the fifteen-employee threshold for the statutory

---

[9] Plaintiff does not include any such allegations in the Second Amended Complaint.

8

definition of "employer" under Title VII. BS Transportation argues that "BS Transportation did not have 15 or more employees in each of twenty or more calendar weeks in the year in which Plaintiff's cause of action accrued or the year prior thereto, and as such was not an 'employer' as defined in Title VII." Mot. to Dismiss Pl. Second Am. Compl. of BS Transp. & Schunke 6.

The Court rejects this argument as the basis for dismissal of the Second Amended Complaint. The Court will address the question whether BS Transportation is an employer within the scope of Title VII at the summary judgment stage. *See Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 762 (E.D. Pa. 2005) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003)) (withholding judgment on whether defendant met fifteen-employee threshold until summary judgment stage to "allo[w] the plaintiff an opportunity for discovery in order to test the defendants' proofs.").

### b) *Failure to Exhaust Administrative Remedies for Retaliation Claim*

BS Transportation contends that plaintiff has failed to exhaust his administrative remedies with respect to his claim of retaliation. Plaintiff responds that "[b]ased on the fact that Plaintiff engaged in a protected activity . . . culminating in Plaintiff's constructive termination, Plaintiff has sufficiently established a cause of action for retaliation against Defendants." *See* Pl. Resp. Sunoco & Frederick 15; Pl. Resp. BS Transportation & Schunke 13. The Court agrees with defendants that plaintiff failed to exhaust his administrative remedies with regard to the retaliation claim.

"As a precondition to bringing suit under Title VII and the PHRA, a plaintiff must exhaust a claim by presenting it in an administrative charge to the EEOC and the Pennsylvania Human Relations Commission." *Weems v. Kehe Food Distributors, Inc.*, 804 F. Supp. 2d 339, 341 (E.D. Pa. 2011). The test in the Third Circuit for exhaustion of administrative remedies is

9

"whether the acts alleged in the subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Id.* at 342. This determination "turns on whether there is a close nexus between the facts supporting each claim or whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge or growing out of it." *Yang v. Astrazeneca*, No. 04-4626, 2005 WL 327539, at *3 (E.D. Pa. Feb. 10, 2005).

Plaintiff's retaliation claim is not fairly within the scope of his EEOC Complaint. Plaintiff's May 4, 2017 EEOC Charge left the box for retaliation unchecked. The EEOC Charge only mentions "retaliation" twice: (1) in an unspecified introduction that "this is a charge of discrimination and retaliation" and (2) in an equally vague conclusion that "respondents have exhibited a pattern and practice of not only discrimination but also retaliation." *See* Pl. Resp. BS Transportation & Schunke, Ex. 3, at 2, 10. Moreover, plaintiff's EEOC Complaint avers no facts supporting a claim of retaliation. *Id.* As such, plaintiff has failed to exhaust administrative remedies for his retaliation claim. Thus, the Court grants BS Transportation's motion to dismiss plaintiff's claim of retaliation under Title VII without prejudice. Plaintiff may refile his retaliation claim after exhausting his administrative remedies provided that such exhaustion is not time-barred.

### c) Failure To Allege Sex Discrimination

BS Transportation argues that plaintiff failed to plead sufficient facts to allege a prima facie case of sex discrimination. The Court disagrees.

Plaintiff does not identify the theory of sex discrimination on which he bases his Title VII claim. Thus, the Court will consider the claim which might arguably be raised by plaintiff's

allegations—a claim of hostile work environment under Title VII. *See Moore v. Pennsylvania Dep't of Military & Veterans Affairs*, 216 F. Supp. 2d 446, 448–49 (E.D. Pa. 2002) (DuBois, J.).

The elements of a prima facie case of hostile work environment based on sexual harassment under Title VII are: "1) the employee suffered intentional discrimination because of his/her [sex], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability [meaning the employer is responsible]." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017). To determine whether an environment is hostile, a court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 168 (3d Cir. 2013).

Accepting the Second Amended Complaint's well-plead factual allegations as true, the Court concludes that plaintiff has stated a plausible claim for relief on his hostile work environment claim. Plaintiff alleges he was subject to sexual advances "at least once or twice a week," an instance of sexual assault, and threats of violence that resulted in extreme emotional distress and economic loss. Such allegations are sufficient to withstand a motion to dismiss the claim that plaintiff was subject to severe or pervasive discrimination due to his sex that detrimentally affected him and would detrimentally affect a reasonable person in like circumstances. *See, e.g.*, *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 214-215 (3d Cir. 2017) (concluding that sexually-charged comments and physical grabbing satisfy the first four elements of a prima facie case for hostile work environment).

Plaintiff has also stated a plausible claim of respondeat superior liability. Unlike most claims of employment discrimination, plaintiff's claim seeks to hold an employer liable for the harassment of its employee by a nonemployee. The Third Circuit has not addressed this question, but other circuit courts and other district courts in the Third Circuit have held that an employer may be held liable "where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action." *Johnson-Harris v. AmQuip Cranes Rental, LLC*, No. 14-767, 2015 WL 4113542, at *8 (E.D. Pa. July 8, 2015). "An employer knew or should have known about workplace sexual harassment if 'management-level employees had actual or constructive knowledge about the existence of a sexually hostile environment.'" *Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009).

Plaintiff alleges that Schunke, a management-level employee, was aware of plaintiff's harassment by Perillo, a Sunoco employee, by August 2016 and "Schunke assured Plaintiff that he would take care of it. Then Defendant Schunke asked Plaintiff not to say anymore [sic] about it. . . . However, Defendants failed to investigate or take appropriate remedial action." Sec. Am. Compl. ¶¶ 58-60. Plaintiff also avers that Schunke never notified Sunoco of plaintiff's September 2016 complaints of continued harassment.

At this stage in the litigation, plaintiff's allegations that Schunke failed to investigate his complaints of sexual harassment by Perillo or notify Sunoco of his continued complaints are sufficient to withstand a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Thus, the Court denies BS Transportation's motion to dismiss plaintiff's claim of a hostile work environment based on sex discrimination under Title VII (Count I).

### B. Count II: Title VII Claims of Race, Color and National Origin Discrimination

Count II of the Second Amended Complaint alleges that "defendants engaged in unlawful employment practices prohibited by [Title VII] by discriminating against Plaintiff because of her [sic] race, color, and national origin." Sec. Am. Compl. at ¶ 80. Plaintiff alleges no facts in the Second Amended Complaint pertaining to race, color, or national origin, nor does plaintiff discuss these characteristics in his responses to the motions to dismiss. Accordingly, all such claims are dismissed.

### C. Counts III and IV: PHRA Claims of Sex Discrimination and Retaliation

Sunoco and BS Transportation also seek to dismiss Counts III and IV alleging sex discrimination and retaliation under the PHRA. "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001); *see also Brown v. Kaz, Inc.*, 581 F.3d 175; *see also Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 (3d Cir. 2006) ("Claims under the PHRA are interpreted coextensively with Title VII claims.").

For the reasons explained above, (1) plaintiff has not adequately plead that Sunoco is plaintiff's joint employer under the PHRA;[10] (2) plaintiff has adequately alleged a claim of hostile work environment based on sex discrimination against BS Transportation under the PHRA; and (3) plaintiff has failed to exhaust administrative remedies with respect to his retaliation claim under the PHRA. Accordingly, the Court (1) grants Sunoco's motion to dismiss

---

[10] Plaintiff also does not qualify for the PHRA's limited additional protection for independent contractors, both because he was not an independent contractor and because his occupation as a freight driver is not covered by the PHRA provision. *See Velocity Express v. Pennsylvania Human Relations Comm'n*, 853 A.2d 1182, 1185 (Pa. Commw. Ct. 2004) (stating that delivery persons are not covered under the PHRA's independent contractor provision).

plaintiff's claims of discrimination and retaliation under the PHRA (Counts III and IV); (2) denies BS Transportation's motion to dismiss plaintiff's claim of sex discrimination under the PHRA (Count III); and (3) grants BS Transportation's motion to dismiss plaintiff's claim of retaliation under the PHRA (Count IV) without prejudice to plaintiff's right to refile his retaliation claim after exhausting his administrative remedies provided that such exhaustion is not time-barred.

### D. Count V: PHRA Claim of Aiding and Abetting

Count V is the only Count in which, in addition to Sunoco and BS Transportation, Frederick and Schunke are named as defendants. Defendants Sunoco and Frederick and defendants BS Transportation and Schunke move to dismiss Count V alleging aiding and abetting under § 955(e) of the PHRA. For the reasons that follow, the Court grants defendants' motions with respect to Sunoco, Frederick, and BS Transportation and denies defendant Schunke's motion to dismiss plaintiff's claim of aiding and abetting under the PHRA.

#### a) *Sunoco and Frederick*

Defendants Sunoco and Frederick contend that the Court should dismiss Count V for aiding and abetting under § 955(e) of the PHRA because Sunoco is not liable for any underlying discrimination under the PHRA. On this issue, the Court agrees that Sunoco and Frederick are not liable for aiding and abetting BS Transportation's alleged sex discrimination.

Unlike Title VII, liability may be imposed under the PHRA on "any person, employer, employment agency, labor organization or employe" who aids or abets any "unlawful discriminatory practice." 43 Penn. Cons. Stat. § 955(e). Courts have limited individual liability under § 955(e) to "supervisory employees." *Rosh v. Gold Standard Café at Penn, Inc*., No. 16-1676, 2016 WL 7375014, at *7 (E.D. Pa. Dec. 19, 2016). Courts have reached this conclusion

based on the Third Circuit's *Dici* decision announcing that only "supervisory employees can share the discriminatory intent and purpose of the employer." *Destefano v. Henry Michell Co.*, No. 99-5501, 2000 WL 433993, at *2 (E.D. Pa. Apr. 13, 2000) (citing *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 553 (3d Cir.1996)); *see also Pinder v. Ortiz*, 2015 WL 317043, at *2 (E.D. Pa. Jan. 26, 2015) ("Requiring proof of intent to aid the employer under section 955(e) is consistent with the principles of aiding and abetting liability found in other areas of Pennsylvania law.").

The issue with respect to aiding and abetting is whether Sunoco employees or Sunoco can aid and abet discrimination by BS Transportation. The answer is that they cannot be held liable under an aiding and abetting theory. This ruling is based on the fact that Sunoco employees and Sunoco "cannot share the [discriminatory] intent" of BS Transportation.[11] *Dici*, 91 F.3d at 553. Accordingly, defendants Sunoco and Mark Frederick's motion to dismiss Count V of the Second Amended Complaint is granted.

### b) BS Transportation and Schunke

BS Transportation and Schunke contend that plaintiff's complaint "does not allege any facts suggesting that Schunke 'aided' or 'abetted' Perillo's outrageous conduct." Mot. to Dismiss Pl. Second Am. Compl. of BS Transp. & Schunke 4. The Court is not persuaded. The issue with respect to Schunke's aiding and abetting liability is whether Schunke aided and abetted BS Transportation's alleged creation of a hostile work environment based on sex discrimination.

"When a supervisory employee has knowledge of conduct which creates a hostile work environment, inaction by such an employee or failing to take prompt remedial action to prevent

---

[11] This opinion does not address whether an employer can aid or abet an unlawful discriminatory practice by a joint employer. *See Long v. Spalding Auto. Inc.*, 337 F. Supp. 3d 485 (E.D. Pa. 2018) (noting that § 955(e) of the PHRA applies to employers).

15

harassment rises to the level of individual aiding and abetting" under the § 955(e) of the PHRA. *E.E.O.C. v. Donohue*, No. 09-1280, 2010 WL 3119459, at *5 (W.D. Pa. July 20, 2010) (citing *Dici*, 91 F.3d at 553. "[A]n individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998) (citing *Dici*, 91 F.3d at 552–53).

Plaintiff avers that Schunke knowingly failed to investigate plaintiff's complaint of sexual harassment and did not notify Sunoco of his continued complaints. These assertions "allow[] the court to draw the reasonable inference" that Schunke failed to take prompt remedial action against the discrimination experienced by plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Thus, defendants' motion to dismiss plaintiff's aiding and abetting claim against Schunke is denied.

However, plaintiff's claim of aiding and abetting against BS Transportation must fail. The only misconduct underlying the aiding and abetting claim against BS Transportation is the hostile work environment claim based on sex discrimination. BS Transportation cannot aid and abet its own unlawful conduct.

The Court grants the motions to dismiss plaintiff's claims of aiding and abetting against Sunoco, Frederick, and BS Transportation. The motion to dismiss the aiding and abetting claim against Schunke is denied.

## V. CONCLUSION

For the foregoing reasons, Sunoco and Frederick's motion to dismiss is granted and BS Transportation and Schunke's motion to dismiss is granted in part and denied in part. BS

Transportation and Schunke's motion to dismiss is granted without prejudice as to the retaliation claims against BS Transportation in Counts I and IV; and with prejudice as to the race, color and national origin discrimination claims in Count II and the aiding and abetting claim against BS Transportation in Count V.  Plaintiff may refile his retaliation claims after exhausting his administrative remedies provided that such exhaustion is not time-barred.  BS Transportation and Schunke's motion to dismiss is denied as to the sex discrimination claims against BS Transportation in Counts I and III and as to the aiding and abetting claim against Schunke in Count V.

The claims that remain in the case are the claims of a hostile work environment based on sex discrimination against BS Transportation in Counts I and III and the aiding and abetting claim against Schunke in Count V.

An appropriate Order follows.